## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM GRAFTON** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | **CIVIL COMPLAINT** |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **JEFFERSON CAPITAL** | ) | |
| **SYSTEMS, LLC.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, William Grafton, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.      Plaintiff, William Grafton, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that Defendant maintains a location in the District.

### III.  PARTIES

4.      Plaintiff, William Grafton, is an adult natural person residing at 5009 Forge Haven Drive, Perry Hall, MD 21128.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Jefferson Capital Systems, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the States of Maryland, Minnesota and the Commonwealth of Pennsylvania with its principal place of business located at 85 7th Place, E, Ste 500, Saint Paul, MN 55101 and a local address of 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      On or about March 1, 2011, Plaintiff started to receive calls to his personal cell phone from the Defendant collecting on a debt allegedly owed on an Imagine credit card account.

8.      Defendant would not tell the Plaintiff how much was owed on the debt.

9.      Plaintiff was not familiar with the account and believes that it may have been open by his ex-wife in or around 2006.

10.     Plaintiff states that Defendant is calling between eight (8) and nine (9) times a week.

11.     Defendant has placed a number of calls after 9:00 pm to the Plaintiff.

12.     On or about March 14, 2011, Defendant placed a call Plaintiff's personal cell phone at 9:29 pm. **See "EXHIBIT A" (phone records) attached hereto**.

13.     On or about April 6, 2011, Defendant called the Plaintiff again on his personal cell phone at 9:24 pm. **See "EXHIBIT B" (Caller ID) attached hereto**.

14.     On or about April 19, 2011, Plaintiff asked the Defendant for their fax number so that he could send the Defendant a cease and desist letter.

15.     Defendant's agent promptly hung-up in the Plaintiff.

16.     Plaintiff called the Defendant right back and spoke with another agent to try and get the Defendant's fax number.

17.     This agent also immediately hung-up on the Plaintiff after his request for a fax number.

18.     Plaintiff was never able to get a working fax number for the Defendant.

19.     On or about that same day, April 19, 2011, the Plaintiff sent a cease and desist letter by certified mail to the Defendant. **See "EXHIBIT C" (letter) attached hereto**.

20.     On or about April 22, 2011, at 10:45 am, Plaintiff received a call from Defendant's agent, "Christina", who again told the Plaintiff she was calling to collect on the debt.

21.     Plaintiff asked Defendant's agent, "Christina", if the Defendant had received his cease and desist letter.

22.     Defendant's agent, "Christina", stated that the Defendant did in fact receive the Plaintiff's cease and desist letter.

23.     Defendant's agent, "Christina", informed the Plaintiff that the Defendant uses an automated dialer and that the Defendant should not have called the Plaintiff.

24.     Despite Defendant receiving the cease and desist letter, Plaintiff continues to receive calls from the Defendant.

25.     As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

27.     The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

28.     The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

29.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

33.     The above paragraphs are hereby incorporated herein by reference.

34.     At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(1)        At any unusual time, or unusual place or unusual

                      time and place known to be inconvenient to the

                      consumer before 8:00 am and after 9:00 pm

| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| --- | --- |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5) | Caused charges to be made (e.g. cell phone calls, collect calls) |
| §§ 1692g(a)(1) | Must state the amount of debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Jefferson Capital Systems, LLC, for the following:

a.    Actual damages;

b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.      Such additional and further relief as may be appropriate or that the interests of justice require.

**COUNT II – TCPA**

36.      The above paragraphs are hereby incorporated herein by reference.

37.      At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

38.      The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

    a.      The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

    b.      The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

    c.      The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Jefferson Capital Systems, LLC, and Order the following relief:

    a.      Actual damages;

b.      Statutory damages;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

d.      Treble damages

## COUNT III -

### Violations of the Maryland State Statues Regulating Debt Collection

### Commercial Title 14, Subtitle 2

39.      Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as fully rewritten here.

40.      In its attempt to collect the aforementioned alleged debt, Defendant violated the above act in one or more of the following ways:

a.      Communicate with a debtor or a person related to him with such frequency, at unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Jefferson Capital Systems, LLC, and Order the following relief:

a.      Actual damages;

b.      Statutory damages;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

    d.      Treble damages

## V.    <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**Warren & Vullings, LLP**


**Date:  April 27, 2011**        **BY: _/s/  Brent F. Vullings_**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800
Fax 215-745-7880
Attorney for Plaintiff