IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM GRAFTON** | : CIVIL ACTION NO. 1:11-CV-1006 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **JEFFERSON CAPITAL SYSTEMS, LLC** | : |
| **Defendant** | : |

**MEMORANDUM**

Presently before the court is a Motion to Transfer Venue filed by defendant Jefferson Capital Systems ("Jefferson") on July 25, 2011. (Doc. 8). Jefferson moves this court to transfer the above-captioned action to the United States District Court for the District of Minnesota. For the reasons that follow, the court will grant the motion.

I.   **Background**

Plaintiff William Grafton ("Grafton") commenced this action on May 25, 2011, alleging that Jefferson violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and Maryland Commercial Title 14, Subtitle 2. (Doc. 1, at 5-8). The FDCPA prohibits debt collectors from engaging in unfair or unconscionable means to collect or attempt to collect debts. 15 U.S.C. § 1692 et seq. Grafton is a Maryland resident. (Id. at 2). Jefferson is a debt collector maintaining offices in both Atlanta, Georgia and St. Cloud, Minnesota. (Doc. 8-1, at 2). Jefferson also maintains a

registered agent authorized to accept service of process in Harrisburg, Pennsylvania. (Id.) On July 25, 2011, Jefferson filed the instant motion (Doc. 8), requesting a transfer of venue to the United States District Court for the District of Minnesota. Grafton filed a brief in opposition on August 8, 2011. (Doc. 10). The motion has been fully briefed and is now ripe for disposition.

## II.     Standard of Review

Section 1404 of the United States Code provides for the transfer of an action to a more convenient forum. 28 U.S.C. § 1404(a). In considering a motion to transfer a civil action to another federal district, the applicable legal standard is "the convenience of the parties and witnesses, in the interest of justice." Id. In evaluating a motion to transfer venue, the court must determine whether the action could have been brought in the transferee forum, and, if so, the court must balance several private and public interest factors weighing in favor of or against transfer. See High River Ltd. P'ship v. Mylan Labs, Inc., 353 F. Supp.2d 487, 492 (M.D. Pa. 2005); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Consideration of "all relevant factors" is needed to determine "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879 (quoting 15 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3847 (2d ed. 1986)).

The court considers the following private interest factors: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) convenience of the parties as indicated by their physical and financial

2

condition; (5) convenience of the witnesses (to the extent that they may be unavailable for trial in one of the fora); and (6) location of the evidence.  Id.  The relevant public interest factors are:  (1) the enforceability of the judgment; (2) practical considerations in conducting trial; (3) relative administrative difficulty in the two fora resulting from court congestion; and (4) local interest in deciding local controversies at home.  Id. at 879-80.

A court is vested with "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer."  Id. at 883 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30-31 (1988)).  As a general rule, a plaintiff's choice of forum is a "paramount consideration" in determining a request to transfer, and "should not be lightly disturbed in any determination of a transfer request."  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (quoting Ungrund v. Cunningham Brothers, Inc., 300 F. Supp. 270, 272 (S.D. Ill. 1969)).

**III.   Discussion**

The initial inquiry is whether this action could have been brought in the United States District Court for the District of Minnesota.  Jefferson argues that venue would be appropriate in the District of Minnesota, where it maintains one of its two offices and where the majority of potential witnesses in this case are located. (Doc. 8-1, at 2).  Grafton does not dispute this argument and venue is clearly proper in the District of Minnesota pursuant to 28 U.S.C. § 1391(b)(1) and(2).  See 28 U.S.C. § 1391 (stating that venue is proper in "a judicial district where any defendant

3

resides, if all defendants reside in the same state," and in "a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred").

The court must therefore determine whether, after balancing the factors pursuant to § 1404(a), a transfer of this action to the District of Minnesota is warranted.  The moving party bears the burden of showing that "all relevant things considered, the case would be better off transferred to another district."  In re United States, 273 F.3d 380, 388 (3d Cir. 2001) (citation omitted).  Thus, Jefferson must demonstrate that the District of Minnesota is a more convenient forum.

Jefferson argues that several private interest factors weigh in favor of transferring this litigation to Minnesota.  Specifically, Jefferson alleges that there is no connection between this action and the Middle District of Pennsylvania, save for the fact that Jefferson maintains a registered agent in Harrisburg, Pennsylvania.[1]  (Doc. 8-1, at 2).  Grafton chose to bring this action in the Middle District of Pennsylvania, and ordinarily this choice of forum is given great weight in deciding a motion to transfer.  However, courts give less deference to the plaintiff when he or she chooses a forum outside of his or her state of residence.  See Wellpet, LLC v. Midwestern Pet Foods, Inc., No. 1:09-CV-1556, 2009 WL 5111790, at *2 (M.D. Pa.

---

[1] The court notes that Grafton's counsel resides in Philadelphia, Pennsylvania, located within the Eastern District of Pennsylvania.  This is the only other discernable connection between Grafton and Pennsylvania.  However, the convenience of counsel is not relevant to the court's consideration of a motion to transfer venue under 28 U.S.C. § 1404.  See Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

Dec. 16, 2009) (citing EVCO Tech. & Devel. Co. v. Precision Shooting Equip., Inc., 379 F. Supp.2d 728, 730 (E.D. Pa. 2005)).  As a resident of Maryland, Grafton's choice of forum will be given some consideration, but the choice is not dispositive, nor is it entitled to great deference.  See id.

Jefferson's preference of litigating in Minnesota weighs in favor of transfer. Jefferson avers that the District of Minnesota, a district in which Jefferson maintains one of its two offices, and where potential witnesses with knowledge of the dispute reside, is a more convenient venue.  (Id. at 5.)  Grafton argues that the Middle District of Pennsylvania is a proper venue because Jefferson maintains a registered office in this district.  (Doc. 10, at 3.)  That this district is a proper venue, however, does not appear to outweigh the factors favoring a transfer to Minnesota, which would also be a proper venue.  In Matt v. Baxter Healthcare Corporation, 74 F. Supp.2d 467 (E.D. Pa. 1999), the defendants moved to transfer venue from the Eastern District of Pennsylvania to the Northern District of Illinois, based on the fact that the defendants resided in that district, and a substantial part of the occurrences giving rise to the claim occurred in that district.  Id. at 468.  Plaintiff, a resident of Pittsburgh, chose to bring the action in the Eastern District of Pennsylvania, where defendant maintained a registered office.  Id. at 469.  The court concluded, however, that factors such as the convenience of the parties and convenience of the witnesses militated toward transferring venue to the Northern District of Illinois.  Id. at 470; see also Johnson v. Gen. Dynamics Info. Tech., 675 F.

Supp.2d 236, 241-42 (D.N.H. 2009) (transferring action, even though defendant had registered agent in original venue).

The facts of this case are substantially similar. Grafton resides in Maryland, and Jefferson has its place of business in St. Cloud, Minnesota. Neither party is a citizen of Pennsylvania. The alleged conduct giving rise to the instant action occurred in Minnesota, the origin of the collection activity. (Doc. 8-1, at 2). Save for Grafton, each of the witnesses with knowledge of the dispute resides in Minnesota, and the records regarding Grafton's claims are located in Minnesota. (Id.; see also Doc. 8-2). Thus, the private interest factors militate in favor of transfer.

Various public interest factors also weigh in favor of transfer of this action to the District of Minnesota. It bears reiterating that none of the actionable conduct took place in Pennsylvania. Despite the fact that Grafton resides in Maryland, he chose not to bring the action in that federal district. Furthermore, the judges of the Middle District of Pennsylvania face a full docket with vacancies in three of six seats on the court. Finally, the District of Minnesota is the forum with a stronger connection to the events giving rise to this litigation, and therefore, Minnesota has a more significant public interest in litigating the dispute. Accordingly, the above public factors weigh in favor of transfer to the District of Minnesota.

**IV.    Conclusion**

Upon consideration of the private and public interest factors noted above, the court finds that the action could have been properly brought in the District of Minnesota, and that the District of Minnesota is a more convenient forum.  The interests of justice are better served by a transfer.  The court will therefore grant Jefferson's motion (Doc. 8) to transfer venue.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:      October 11, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM GRAFTON** : | **CIVIL ACTION NO. 1:11-CV-01006** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **JEFFERSON CAPITAL SYSTEMS, LLC** : | |
| **Defendant** : | |

## **ORDER**

AND NOW, this 11th day of October, 2011, upon consideration of the motion (Doc. 8) to transfer venue, filed by Jefferson Capital Systems, LLC, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 8) to transfer venue is GRANTED.

2. The Clerk of the Court shall TRANSFER this action to the United States District Court for the District of Minnesota.

3. The Clerk of the Court is directed to CLOSE the file on this case.

          S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge